UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| XAVIER JAMAL SMITH,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    CAUSE NO.: 2:25-CV-212-GSL-JEM |
| SANTANDER CONSUMER USA INC.<br>d/b/a CHRSYSLER CAPITAL,<br>    Defendant. | )<br>)<br>)<br>) |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Chrysler Capital's Motion to Dismiss [DE 17], filed on June 13, 2025, Plaintiff's Rule 59(e) Motion to Amend or Alter Judgment [DE 22], filed on June 27, 2025, and Plaintiff's Motion for Leave to File Case Law Verification Index [DE 26], filed on July 7, 2025.

On September 23, 2025, District Court Judge Gretchen S. Lund entered an Order [DE 28] referring the motion to dismiss and motion to amend or alter judgment to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff's Motion for Leave to File Case Law Verification Index [DE 26] is not subject to the referral order.

For the following reasons, the Court recommends that the District Court grant the motion to dismiss and deny the motion to alter judgment.

**I.    Background**

Plaintiff, who is proceeding without counsel, filed a Complaint seeking damages from Defendant arising out of an automobile loan Defendant issued to Plaintiff. He alleges that the loan

1

contract terms are unenforceable and Defendant has no right to repossession of the automobile for nonpayment because Defendant failed to provide documentation he requested.

On May 13, 2025, Judge Lund denied Plaintiff's motion for preliminary injunction, finding that plaintiff had not shown a likelihood of success on his claim that unpaid loans must be discharged upon the servicer's failure to provide certain documentation. Plaintiff moved to reconsider that order, and that request was denied on June 11, 2025. In the instant motion to alter judgment, Plaintiff now seeks further review of the opinion denying his motion for preliminary injunction. Defendant filed a response on July 2, 2025, and on July 7, 2025, Plaintiff filed a reply.

Defendant filed the instant motion to dismiss Plaintiff's Complaint on June 13, 2025. Plaintiff filed a response on June 27, 2025, and on July 2, 2025, Defendant filed a reply. On July 7, 2025, Plaintiff filed the instant motion for leave to file case law, listing the cases he cited in his briefing.

**II.     Analysis**

A. <u>Motion to File Case Law Verification Index</u>

As an initial matter, the Court addresses the motion to file a case law verification index. Plaintiff requests that he be permitted to file a list of cases he cites in his briefs to confirm the accuracy and public availability of legal authority cited. The Court allows the filing of the document, but allowance of the filing is not a determination that the cases included on the list even exist, let alone that they stand for the propositions for which Plaintiff cites them. As Defendant argues, and as is mentioned below, it appears that some of the cases cited by Plaintiff do not exist. Plaintiff is reminded that a submission to the Court is a certification that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(2). Sanctions may be imposed against a party who violates that rule. Fed. R. Civ. P. 11(c).

B. Motion to Reconsider

Plaintiff initially characterizes his motion to alter judgment as a request pursuant to Rule 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As Judge Lund explained in ruling on Plaintiff's previous request for reconsideration of the same order denying a preliminary injunction, "Rule 59(e) does not provide for reconsideration of non-final orders," and the order denying a preliminary injunction is not a final order [DE 16].

In his reply brief, Plaintiff requests that the motion instead be considered pursuant to Rule 54(b). That Rule provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties," Fed. R. Civ. P. 54(b). Rule 54(b) is also inapplicable to the non-final order in this case. However, construing the request for relief liberally in light of Plaintiff's *pro se* status, the Court analyzes the instant motion as a motion to reconsider. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.")

Motions to reconsider do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese*

3

*Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

In this case, Judge Lund already denied a motion to reconsider her decision denying Plaintiff's motion for preliminary injunction [DE 16]. The instant Motion restates the same arguments made on the initial motion to reconsider, which themselves were the same arguments made in the initial motion for preliminary injunction. In the initial order denying the motion for preliminary injunction, she wrote, "the Court is aware of no caselaw, nor does Plaintiff provide any, which requires the discharge of unpaid loans upon the servicer's failure to provide certain documentation." May 13, 2025, Opn. p. 2 [DE 8]. Although Plaintiff argues that he included caselaw in his motion, mere inclusion is insufficient. His citations do not support his assertion that if a loan servicer fails to provide certain documentation, the unpaid loan is discharged. Plaintiff now cites to an alleged Seventh Circuit Court of Appeals decision apparently supporting his argument, "*Citizens Nat'l Bank of Paris v. Midwest Agri-Dev. Corp.*, 887 F.2d 1128, 1134 (7th Cir. 1989)," but the federal reporter citation is to an unrelated case in the First Circuit, it does not appear that any case by that name was decided by the Seventh Circuit in 1989, and the Court cannot find any case at all from any court that includes the language he quoted. In short, Plaintiff has still failed to provide any "caselaw . . . which requires the discharge of unpaid loans upon the servicer's failure to provide certain documentation." Opn. p. 2. He was not misunderstood in his initial motion or the subsequent motion to reconsider, Judge Lund did not make a decision outside the issue he presented, and there has been no change of law. Reconsideration is inappropriate and the Court recommends that the motion be denied.

C. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations."

*Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted).

The pleadings which the Court may consider include the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988). In addition, documents submitted with a motion to dismiss are treated as part of the pleadings if they are "referred to in the plaintiff's complaint and are central to [their] claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

Defendant moves to dismiss Plaintiff's Complaint in its entirely, arguing that it fails to state a claim on which relief can be granted. The Court addresses each of his claims in turn.

  i.    *Breach of Contract*

Defendant argues that Plaintiff's claim for breach of contract fails because it fails to plead the necessary elements of a breach of contract claim. Under Indiana law, "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007).

Defendant argues that the Complaint does not satisfy the basic elements of a breach of contract claim because Plaintiff does not identify any act or omission by Defendant that constitutes a breach of any of the terms of the retail installment contract that he entered into. Plaintiff's Complaint alleges that "Plaintiff also made a formal tender of payment for the full amount of the alleged debt, using a properly endorsed negotiable instrument," but Defendant rejected the tender, so "[a]s a result, Plaintiff lawfully withheld payment pending proper verification." Compl. p. 6 [DE 1]. In his response brief, Plaintiff argues that he "made full lawful tender of payment via

negotiable instrument" and that Defendant breached the contract when it "refused to respond, failed to return or explain rejection of the instrument, and continued enforcement" of the contract. Resp. p. 3 [DE 21]. It appears that Plaintiff is alleging that Defendant's failure to accept the tender of payment he made was a breach of the contract, but the Contract attached to the Complaint provides, "By signing this contract, . . . You [the Buyer] agree to pay the Seller – Creditor … in U.S. funds." Ex. A p. 1 [DE 1-2]. Plaintiff does not identify any portion of the contract that allows for his payment via a "Bill of Exchange" or "payment coupon" or that requires Defendant to accept payment by any method other than "U.S. funds." The Complaint does not identify any contractual term that it alleges Defendant has breached.

    ii.    *Duty of Good Faith and Fair Dealing*

Plaintiff also alleges that Defendant breached the "implied duty of good faith and fair dealing" included in all contracts under Indiana Law "by attempting to collect on an unverified obligation, refusing lawful tender, and withholding material financial records required to confirm performance," in violation of a number of provisions of the UCC and Indiana Code. Compl. p. 11. As Defendant argues, there is no independent cause of action for the breach of good faith and fair dealing under Indiana Law. *See Wabash Nat'l Corp. v. Fleet Equip., LLC*, No. 4:11CV62, 2012 WL 13071524, at *11 (N.D. Ind. June 13, 2012) ("The UCC does not recognize an independent cause of action for breach of the duties of good faith and fair dealing.") (citing Comment to Ind. Code § 26-1-1-203; *Crawford v. Countrywide Home Loans, Inc.*, 3:09-CV-247, 2011 WL 3875642, at *10 (N.D. Ind. Aug. 31, 2011)). Instead, in Indiana "an implied covenant of good faith and fair dealing is imposed when a contract is ambiguous." *IUE-CWA Loc. 901 v. Spark Energy, LLC*, 440 F. Supp. 3d 969, 979–80 (N.D. Ind. 2020).

Plaintiff does not identify any portion of the contract that explicitly imposes that duty, nor does he claim ambiguity in the contract. It is not apparent that plaintiff is intending to bring a separate claim breach of good faith and fair dealing, but to the extent that he is, he has failed to state a claim under Indiana law.

    iii.    *Indiana Commercial Code*

Plaintiff alleges that Defendant's actions violated Indiana Code Sections 26-1-9.1-203 and 26-1-9.1-210. Section 26-1-9.1-203 addresses attachment of security interest to collateral. Plaintiff alleges that Defendant breached this statute "by attempting to collect on an unverified obligation, refusing lawful tender, and withholding material financial records." Compl. p. 11. Later in the Complaint, he alleges that Defendant failed to comply with his formal accounting request while continuing to attempt to enforce its rights under the contract, contrary to the provisions of Section 26-1-9.1-203. Plaintiff explicitly states in the Complaint that he "does not allege that no funding occurred, only that Defendant failed to verify this fact when lawfully requested to do so," Compl. p. 9-10, and asserts that "Defendant continues to assert a security interest without satisfying the legal requirement to demonstrate Defendents (sic) performamce (sic) of the contract proving value given." Compl. p. 10. Section 26-1-9.1-203 does not require provision of the "accounting with certified evidence of value given" documentation Plaintiff is seeking, and he does not point to any provision that creates the duty he alleges Defendant has failed to satisfy. Plaintiff has not stated a claim for relief under Indiana Code § 26-1-9.1-203.

Similarly, Defendant argues that Plaintiff has failed to state a claim that it violated Indiana Code § 26-1-9.1-210. The Complaint alleges that "Plaintiff submitted formal accounting requests, and Defendant failed to provide the required documentation." Compl. p. 2; *see also* p. 13, 15. Plaintiff asserts, "Rather than providing a complete accounting with certified evidence of value

given, Defendant returned generic or incomplete documents that failed to verify performance occurred," in violation of Section 26-1-9.1-210. Compl. p. 13. Defendant argues that the information Plaintiff sought was not required by Section 26-1-9.1-210. Plaintiff attached his requests and Defendant's responses to the Complaint, so they may be considered as part of this motion. *188 LLC*, 300 F.3d at 735.

Pursuant to the Indiana Code, an accounting provided by a creditor pursuant to Section 26-1-9.1-210 "means a record: (A) signed by a secured party; (B) indicating the aggregate unpaid secured obligations as of a date not more than thirty-five (35) days earlier or thirty-five (35) days later than the date of the record; and (C) identifying the components of the obligations in reasonable detail." Ind. Code §§ 26-1-9.1-102, 26-1-9.1-210 cmt. 4. Defendant's accounting provided to Plaintiff, attached as an exhibit to his Complaint, contains a signed record including the contract, and a statement explaining the amount owed by Plaintiff and how that amount was calculated. In the Complaint, Plaintiff explains that he requested, but Defendant failed to provide, "(a) Certified proof of loan disbursement; (b) The origin and destination of funds allegedly used to finance the transaction; (c) A full servicing and transaction history; and (d) A written statement addressing Plaintiffs tender of lawful payment." Compl. p. 12-13. Although that may be the information he requested from Defendant, it is beyond the information included in an accounting in accordance with Section 26-1-9.1-210. Defendant's failure to provide the information demanded by Plaintiff in the form he requested does not mean that they have violated the relevant statute, and he has failed to state a claim under Section 26-1-9.1-210.

    iv.    *Truth in Lending Act*

Defendant also argues that Plaintiff has failed to allege a claim under the Truth in Lending Act, 15 U.S.C. § 1638 (TILA). "TILA requires creditors to provide borrowers with clear and

accurate disclosures of finance charges, annual percentage rates of interest, and the borrower's rights." *Rayburn v. Car Credit Ctr. Corp.*, No. 00 C 3361, 2000 WL 1508238, at *2 (N.D. Ill. Oct. 10, 2000).

Plaintiff alleges, "Although Defendant provided standardized disclosures in the Retail Installment Contract, Defendant failed to verify that the disclosed terms were ever lawfully executed by producing certified documentation that the stated loan amount was actually disbursed to Plaintiff or on Plaintiffs behalf," in violation of TILA. Compl. p. 14. Defendant argues that TILA and the related section of the Indiana Code require only the standard disclosures it provided to Plaintiff, and not the additional "certified documentation" of disbursal Plaintiff requested. In response, Plaintiff asserts that Defendant was required to provide "evidence of actual disbursement," Resp. p. 6 [DE 21], but the cases that he cites, to the extent they exist, do not extend the requirements of TILA to require certified documentation of disbursal. Nowhere in his complaint or response brief does he identify any disclosures actually required by statute that Defendant failed to provide. The Complaint does not adequately allege any violation of the Truth in Lending Act or its related state law requirements.

 v. *Unjust Enrichment*

Under Indiana law, a successful claim for unjust enrichment must demonstrate that there is: "(1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Woodruff v. Indiana Fam. & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012). Unjust enrichment is a common-law claim to provide relief "where, in fact, there is no contract, but where the circumstances are such that under the law of natural and immutable justice there should be a recovery as though there had been a promise." *Id*. (quoting *Clark v.*

10

*Peoples Sav. & Loan Ass'n*, 221 Ind. 168, 171, 46 N.E.2d 681, 682 (1943)). Although there is a contract in this case governing the creditor/debtor relationship between the parties, Plaintiff asserts that he is pleading this claim in the alternative.

"[A] party may plead breach of contract and unjust enrichment claims in the alternative" and therefore "may plead (1) there is [a] contract, and the defendant is liable for breach of it; and (2) if there is not a contract, then the defendant is liable for unjustly enriching himself at the plaintiff's expense." *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 886-87 (7th Cir. 2022) (quoting *Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 325 (7th Cir. 2021) (quotation marks and other citations omitted). However, "no implied contract can exist where an express one governs because no equitable remedy can lie where a legal one is available." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013), and a plaintiff "may not incorporate by reference allegations of the existence of a contract between the parties in the unjust enrichment count." *Gociman*, 41 F.4th at 887. Plaintiff argues that he is disputing the enforceability of the contract because of Defendant's lack of performance, Resp. p. 7, but that is a breach of contract claim, not an equitable claim for unjust enrichment. He has failed to state a claim for unjust enrichment and therefore the Court recommends that this claim be dismissed.

    vi.    *Indiana Deceptive Consumer Sales Act*

Defendant argues that Plaintiff has not properly alleged a claim for violation of the Indiana Deceptive Consumer Sales Act, and Plaintiff does not address the argument in his response brief. The IDCSA prohibits suppliers from "commit[ting] an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction." Ind. Code § 24-5-0.5-3. "[I]n order to prevail on [a] IDCSA claim, [the plaintiff] must show that the alleged deceptive act was committed with intent to defraud or mislead." *James v. S. Univ., LLC*, No. 3:16-CV-855 JD, 2018 WL

11448005, at *2 (N.D. Ind. Mar. 13, 2018); *see also* P*erry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 647 (Ind. Ct. App. 2004). The Complaint alleges that Defendant failed to provide documentation in the form requested by Plaintiff, but does not identify any false statement about Defendant's services. To the extent that Plaintiff is intending to bring a claim for violation of the IDCSA, his Complaint fails to state a claim on which relief can be granted.

    vii.    *Fair Credit Reporting Act*

Defendant also argues that, to the extent that Plaintiff is intending to assert a claim for violation of the Fair Credit Reporting Act (FCRA), this claim fails. In his response, Plaintiff mentions the FCRA in passing only once so it appears he is not intending to include any allegations that Defendant violated it. To the extent that he does, the Court notes that "the FCRA provides a private right of action in limited circumstances" only, and "a consumer may bring an action to enforce the breach of a furnisher's duty under § 1681s–2(b)." *Butler v. CitiMortgage, Inc.*, No. 17 C 05168, 2017 WL 3620744, at *3 (N.D. Ill. Aug. 23, 2017). Plaintiff does not allege that Defendant failed to conduct an adequate investigation after receiving notice from a credit reporting agency that Plaintiff disputed the debt. *See, e.g.*, *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) ("Furnishers of information, such as Peoples Gas, are accountable under § 1681s–2(b) only if they continue to supply inaccurate data to credit reporting agencies after proper notification by the CRA."). Plaintiff has not stated a claim under the FCRA.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Case Law Verification Index [DE 26] to the extent and for the purposes described herein.

The Court **RECOMMENDS** that the District Court **GRANT** Chrysler Capital's Motion to Dismiss [DE 17] and dismiss Plaintiff's Complaint in its entirety for failure to state a claim on which relief can be granted.

The Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Rule 59(e) Motion to Amend or Alter Judgment [DE 22].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 4th day of November, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*