UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| XAVIER JAMAL SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SANTANDER CONSUMER USA INC.,<br><br>    Defendant. | Case No. 2:25-CV-212-GSL-JEM |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John Martin's Report and Recommendation, [DE 29], entered on November 4, 2025. For the reasons more fully explained in his Report, Judge Martin recommends that the District Court grant Defendant Chrysler Capital's Motion to Dismiss [DE 17] and dismiss Plaintiff's Complaint in its entirety for failure to state a claim. Judge Martin also recommends that the Court deny Plaintiff's Rule 59(e) Motion to Amend or Alter Judgment, found at [22]. Having reviewed both Judge Martin's Report and Recommendation and the related objections, the Court **ADOPTS** the Report and Recommendation, [DE 29], in its entirety, **GRANTS** Defendant's Motions to Dismiss, [DE 17], and **DENIES** Plaintiff's Rule 59(e) Motion, [DE 22]. The clerk is directed to close the case.

## DISCUSSION

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *United States v. Jones*, 22 F.4th 667,

679 (7th Cir. 2022). *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). A district court judge may fulfill this obligation simply by "inform[ing] [this court] that he has conducted a *de novo* review." *Jones*, 22 F.4th at 679 (citing *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, Plaintiff filed his objections on November 12, 2025, at [DE 30], which the Court reviews *de novo*. First, Plaintiff objects to the Recommendation's conclusion that reconsideration is unwarranted on the basis that Plaintiff's Rule 59(e) motion only repeated prior arguments. [DE 30]. This objection fails, as the Court has already disposed of the arguments put forth by Plaintiff, and has done so more than once. [*See* DE 8; DE 16]. Second, Plaintiff objects to the Recommendation's conclusion that the Complaint fails to state a claim upon which relief can be granted and that each of Plaintiff's claims fail. [*Id.*]. However, the Court is satisfied with and persuaded by Judge Martin's analysis of Plaintiff's claims in his Report and Recommendation, which outlines with specificity why the claims fail. [*See* DE 29, Pages 6-12]. This Court agrees with those findings. Beyond Plaintiff's objections, this Court reviewed Judge Martin's findings for clear error and found none.

## CONCLUSION

Having reviewed both Judge Martin's Report and Recommendation and the related objections, the Court **ADOPTS** the Report and Recommendation, [DE 29], in its entirety,

**GRANTS** Defendant's Motions to Dismiss, [DE 17], and **DENIES** Plaintiff's Rule 59(e) Motion, [DE 22]. The clerk is directed to close the case.

    SO ORDERED.

    ENTERED: November 19, 2025

                                        /s/ GRETCHEN S. LUND
                                        Judge
                                        United States District Court